IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO CORTEZ, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-2545 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition

challenging the denial of his release to discretionary mandatory supervision.  Respondent

filed a timely motion for summary judgment on October 5, 2020, and served a copy on

petitioner at his address of record that same date.  (Docket Entry No. 12.)  Despite expiration

of a reasonable period of time in excess of 40 days, petitioner has failed to respond to the

motion, and the motion is deemed uncontested.

Having considered the motion, the record, matters of public record, and the applicable

law, the Court GRANTS the motion for summary judgment and DISMISSES this case for

the reasons shown below.

***Background and Claims***

Petitioner was convicted of enhanced driving while intoxicated in 2008 and sentenced

to thirty years' incarceration in the Texas Department of Criminal Justice ("TDCJ"). The

Texas Board of Pardons and Paroles (the "Board") denied him release to discretionary

mandatory supervision ("DMS") on December 5, 2019.  His application for state habeas

relief challenging the denial was denied by the Texas Court of Criminal Appeals on July 1,

2020.  Petitioner filed the instant section 2254 petition on July 17, 2020.

Petitioner challenges the denial of his release to DMS on two grounds:

1.     Section 508.149 of the Texas Government Code violates the federal
        Constitution; and

2.     The Board violated his due process rights in denying his DMS release
        and providing inadequate notice to him prior to denying his DMS
        release.

Respondent moves for summary judgment, arguing that these claims are procedurally

defaulted and/or without merit.

### *Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA).  28 U .S.C. § 2254.  Under AEDPA, federal

habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless

the state adjudication was contrary to clearly established federal law as determined by the

Supreme Court, or involved an unreasonable application of clearly established federal law

as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011);

*Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court

decision is contrary to federal precedent if it applies a rule that contradicts the governing law

set forth by the Supreme Court, or if it confronts a set of facts that are materially

indistinguishable from such a decision and arrives at a result different from the Supreme

Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies

the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or

unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable,

this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It

bears repeating that even a strong case for relief does not mean the state court's contrary

conclusion was unreasonable." *Richter*, 562 U.S. at 102.  As stated by the Supreme Court

in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be.  As
> amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
> federal court relitigation of claims already rejected in state proceedings.  It
> preserves authority to issue the writ in cases where there is no possibility
> fairminded jurists could disagree that the state court's decision conflicts with
> this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view
> that habeas corpus is a "guard against extreme malfunctions in the state
> criminal justice systems," not a substitute for ordinary error correction through
> appeal.

*Id*., at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues.  Under 28

U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively

3

unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the

federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Analysis*

#### *Denial of DMS*

Petitioner complains that the Board unlawfully denied him DMS in December 2019.

There is no federal constitutional right to conditional release prior to the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Under Texas state law, a constitutional expectancy of early release exists only in Texas' mandatory supervision scheme in place for crimes committed before September 1, 1996. TEX. GOV'T CODE § 508.149(b); *Malchi v. Thaler*, 211 F.3d 953, 957–59 (5th Cir. 2000). For crimes committed after September 1, 1996, it is entirely speculative whether a prisoner will be granted release on parole or DMS.  *Id*.

Eligibility for mandatory supervision is governed by the law in effect at the time the holding offense was committed. *Ex parte Thompson*, 173 S.W.3d 458, 460 (Tex. Crim. App. 2005).  Petitioner committed his holding offense in 2007.  The mandatory supervision laws in effect at that time provided that a prisoner would not be released to mandatory supervision if a parole panel determined that: (1) the prisoner's accrued good conduct time was not an accurate reflection of his potential for rehabilitation; and (2) the prisoner's release would endanger the public.  TEX. GOV'T CODE § 508.149(b); *Malchi,* 211 F.3d at 957–59. The

statute further provided that a determination under subsection (b) was not subject to administrative or judicial review.  TEX. GOV'T CODE § 508.149(d).

Under the discretionary mandatory supervision scheme applicable here, both the Fifth Circuit Court of Appeals and the Texas state courts have held that Texas inmates eligible for release on mandatory supervision have "a protected liberty interest" entitling them to the procedural due process protections established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  *See  Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).  Procedural due process in this context essentially requires that a prisoner be given notice and a meaningful opportunity to be heard.  *Geiken*, 28 S.W.3d at 560.  If release is denied, he "must be informed in what respects he falls short of qualifying for early release."  *Id*.

The record in this case shows that petitioner was notified in writing on October 11, 2019, that he was being considered for DMS.  (Docket Entry No. 12, Exhibit B.)  At that time, he was given a deadline to submit information for consideration by the Board in support of release.  *Id*.  In subsequently denying petitioner release to DMS in December 2019, the Board set forth the following reasons for the denial:

> **1D** CRIMINAL HISTORY – THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.
>
> **3D** DRUG OR ALCOHOL INVOLVEMENT – THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.

**5D** ADJUSTMENT DURING PERIODS OF SUPERVISION – THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.

**9D1** DISCRETIONARY MANDATORY SUPERVISION – THE RECORD INDICATES THAT THE OFFENDER'S ACCRUED GOOD CONDUCT TIME IS NOT AN ACCURATE REFLECTION OF THE OFFENDER'S POTENTIAL FOR REHABILITATION.

**9D2** DISCRETIONARY MANDATORY SUPERVISION – THE RECORD INDICATES THAT THE OFFENDER'S RELEASE WOULD ENDANGER THE PUBLIC.

(Docket Entry No. 12, Exhibit A.)[1]  Petitioner does not dispute that he received notice of the

Board's decision and the reasons for the decision.  Thus, petitioner received the due process

to which he was entitled under federal law.

In denying habeas relief, the state trial court made the following findings of fact and

conclusions of law in narrative format:

Applicant alleges via two separate grounds that the Texas Board of Pardons and Paroles has improperly denied him release on discretionary mandatory supervision.  The Court finds that Applicant has not alleged a cognizable ground for relief in either of his grounds for relief.  Applicant has not challenged the process at which the Board arrived at its decision, but instead simply alleges that the Board "got it wrong" in denying him discretionary mandatory supervision release. Such a claim is not cognizable on habeas review.  The Court concludes that Applicant has not alleged a valid claim upon which relief can be granted in either of Applicant's two grounds for relief.

---

[1]The Court takes judicial notice of the information for petitioner appearing in the TDCJ Offender Search website at https://www.tdcj.texas.gov/.

(Docket Entry No. 13-5, pp. 55–56, case citations omitted.)  The Texas Court of Criminal

Appeals denied relief without a written order on findings of the trial court without a hearing

and on the court's independent review of the record.  (Docket Entry No. 13-2, p. 1.)

Petitioner fails to show that the state court's determination was contrary to, or

involved an unreasonable application of, federal law or was an unreasonable determination

of the facts based on the evidence in the record.  No basis for federal habeas relief is shown,

and respondent is entitled to summary judgment dismissal of petitioner's claim challenging

the denial of his release to DMS.

*Unconstitutional Statute*

Petitioner also claims that section 508.149 of the Texas Government Code violates

the federal Constitution.  As correctly argued by respondent, petitioner did not raise this

claim on state collateral review, and the claim is unexhausted.

Before seeking review in federal court, a habeas petitioner must first present his

claims in state court and exhaust all state court remedies through proper adjudication on the

merits.  *See* 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is satisfied if the

substance of the federal habeas claim was presented to the highest state court in a

procedurally proper manner.  *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004).  In Texas, the

highest state court for criminal matters is the Texas Court of Criminal Appeals, and a

prisoner must present the substance of his claims to that court in either a petition for

discretionary review or an application for state habeas relief.  *Whitehead v. Johnson*, 157

F.3d 384, 387 (5th Cir. 1998).  Petitioner in this case pursued state habeas relief as to the denial of DMS, but did not include his constitutional challenge to the state statute.

The Texas Court of Criminal Appeals would bar as an abuse of the writ any attempt to raise this claim in a second state habeas application.  *See Ex parte Whiteside*, 12 S.W.3d 819, 821–22 (Tex. Crim. App. 2000).  It is well settled that dismissal of a state habeas application for abuse of the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims.  *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995).

Consequently, petitioner is precluded from federal habeas review of this claim unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Petitioner does not argue, much less demonstrate, grounds for cause and prejudice or a fundamental miscarriage of justice.

Petitioner's challenge to the constitutionality of section 508.149 of the Texas Government Code is procedurally defaulted and barred from consideration by this Court. Respondent is entitled to summary judgment dismissal of this claim with prejudice.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED

and this lawsuit is DISMISSED WITH PREJUDICE.  Any and all pending motions are

DENIED AS MOOT.  A certificate of appealability is DENIED.

Signed at Houston, Texas on November 16, 2020.

_____

Gray H. Miller

Senior United States District Judge